EASTERN PARALYZED VETERANS ASSOCIATION, INC., PLAIN-
TIFF–RESPONDENT, v. CITY OF CAMDEN AND MELVIN R.
PRIMAS, AS MAYOR OF THE CITY OF CAMDEN, DEFEND-
ANTS–RESPONDENTS, AND DELAWARE RIVER PORT AU-
THORITY AND PORT AUTHORITY TRANSIT CORPORATION,
DEFENDANTS-APPELLANTS.

CITY OF CAMDEN, DEFENDANT AND THIRD–PARTY PLAIN-
TIFF–RESPONDENT, v. JOHN P. RENNA, COMMISSIONER OF
THE DEPARTMENT OF COMMUNITY AFFAIRS, STATE OF
NEW JERSEY, THIRD–PARTY DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1987—Decided April 15, 1987.

Before Judges MICHELS, O'BRIEN and SKILLMAN.

*Hersh Kozlov* argued the cause for appellants Delaware River Port Authority and Port Authority Transit Corporation (*Kozlov, Seaton & Romanini,* attorneys; *Hersh Koslov,* of counsel; *Gilbert L. Brooks,* on the brief).

*James D. Fornari,* of the New York Bar, argued the cause for respondent Eastern Paralyzed Veterans Association, Inc. (*Hannoch Weisman,* attorneys; *Theodore Margolis* and *James D. Fornari,* of counsel and on the brief).

*Dennis G. Kille,* First Assistant City Attorney, argued the cause for respondents City of Camden and Melvin R. Primas (*Patricia A. Darden,* City Attorney; *Dennis G. Kille,* of counsel and on the brief).

*John J. Chernoski,* Deputy Attorney General, argued the cause for respondent *John P. Renna,* Commissioner of the Department of Community Affairs, State of New Jersey (*W. Cary Edwards,* Attorney General of New Jersey; *Michael R. Clancy,* Deputy Attorney General, of counsel; *John J. Chernoski,* on the brief).

PER CURIAM.

Defendants Delaware River Port Authority and Port Authority Transit Corporation (PATCO) appeal from a summary judgment of the Chancery Division entered in favor of plaintiff Eastern Paralyzed Veterans Association, Inc. and third-party

defendant Commissioner of the Department of Community Affairs that, in part, directed defendant City of Camden (Camden) (1) to comply with the State Uniform Construction Code Act, *N.J.S.A.* 52:27D–119 *et seq.,* the Handicap Access Law, *N.J.S.A.* 52:32–4 *et seq.,* the Uniform Construction Code, *N.J.A.C.* 5:23–1.1 *et seq.,* the Barrier–Free Design Regulations, *N.J.A.C.* 17:19A–1.1 *et seq.,* and the Law Against Discrimination, *N.J.S.A.* 10:5–1 *et seq.* in constructing the Camden Transportation Center (Center) in Camden, New Jersey; (2) to amend the plans for construction of the Center to include the installation of an elevator for the use of the general public between the main floor of the Center and the train platform of the PATCO rail line system, and (3) to construct said elevator in a timely manner so that the elevator is operational and available for use by the general public at the same time that the stairs and/or escalator become available. The summary judgment also directed Delaware River Port Authority and PATCO to provide all necessary approvals, permits, easements and assistance to Camden to enable it to comply with the provisions of the judgment.

We originally stayed the judgment pending appeal but conditioned the stay on Camden including an elevator for handicapped access in its construction plans for the Center consistent with the judgment. On a motion for reconsideration, we modified the stay to provide that if construction of the Center commenced, then structural steel would be framed for the elevator shaft, including openings at the main floor and platform levels, and an elevator machinery room would be constructed. All openings were to be covered with removable knockout panels. We thereupon accelerated the appeal on our own motion.

Defendants contend, essentially, that since Delaware River Port Authority is a bi-state agency it cannot be compelled to approve the installation of an elevator from the PATCO fare area to the train platform in the Center on the basis of the unilateral application of the New Jersey laws and that the

construction of the Center without an elevator is consistent with all applicable federal statutes, rules, regulations and judicial decisions dealing with facilities for the non-ambulatory handicapped.

We are satisfied from our study of the record in light of the arguments presented that the trial court properly compelled Camden to comply with the applicable New Jersey statutes and regulations in constructing the Center and to install an elevator within that structure to accommodate passengers between the main floor and the train platform of the PATCO passenger transport facilities. Moreover, we are convinced that the portion of the building in which the PATCO passenger transport facilities are located are not exempt from the operation and effect of the applicable New Jersey statutes and regulations by virtue of the contractual arrangements and property conveyances made among and between the Delaware River Port Authority, Camden and the Housing Authority of Camden. Accordingly, we affirm the judgment under review substantially for the reasons expressed by Judge Lowengrub in his written opinion of March 21, 1986, 220 *N.J.Super.* 573.

However, we point out that in affirming the judgment we do not decide whether or not the New Jersey statutes and regulations set forth above are applicable to transport facilities wholly owned and operated by the Delaware River Port Authority in New Jersey or the equipment which PATCO operates between the State of New Jersey and the Commonwealth of Pennsylvania.

Finally, in view of counsel's representation at oral argument that construction and installation of the required elevator could not be completed within the time required by paragraph 4 of the judgment, we hereby remand the matter to the trial court for the limited purpose of modifying that paragraph to set a new time schedule for the installation and construction of the elevator. We add that Camden should not be prevented from

opening the Center by virtue of any delay in the installation and construction of the elevator.   We do not retain jurisdiction.